and the amount he is entitled to recover. The case of Pharis v. Gere, 31 Hun, 444, cited by the defendant's counsel upon his brief, has no application. There the court would not allow the plaintiff to amend his complaint so as to recover treble damages, which were awarded plaintiff, but limited him to the amount claimed in the complaint. As has been stated, no amendment was necessary here, as the complaint claimed an amount large enough to cover the verdict. The proceedings in justice's court, which apply to the municipal court, (section 457, Rev. Charter,) are necessarily informal, and great particularity is not required. Section 2940 of the Code of Civil Procedure provides that a party may state his claims to a justice of the peace, and he need not formally demand judgment for any sum, but in making his proof the justice will give him such judgment as the proof warrants, within the limit of his jurisdiction. It seems to me, therefore, that the judgment should be affirmed, with costs. All concur.

---

### ECKERT v. LENNERT.

#### (Superior Court of Buffalo, General Term. December 21, 1892.)

1. PARTIES—ACTION TO RECOVER OVERPAYMENT—REAL PARTY IN INTEREST.
    Where one who has jointly with another contracted to buy land, and who is to furnish the purchase money, by mistake overpays the vendor, he may, after a transfer to him by his covendee of all his right in the property, sue to recover back such overpayment without joining his covendee; Code Civil Proc. § 449, providing that every action shall be brought in the name of the real party in interest.
2. SAME—PARTNERSHIP MONEY.
    Assuming that the money furnished by plaintiff to pay for the land was partnership money, it was only so to the amount agreed upon as the purchase price of the land, and the overpayment belonged to plaintiff.

Appeal from municipal court.

Action by Thomas Eckert against Michael Lennert to recover money paid by mistake. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

W. G. Kilhoffer, for appellant.

M. A. Gerous, for appellee.

HATCH, J. Plaintiff and one Enders jointly engaged to purchase of defendant certain premises. By contract a mortgage was assumed, upon which, at the time, was some accrued interest. When the parties met to consummate the contract and pay the purchase money, plaintiff, who furnished the money, by mistake paid the interest item to defendant, who has ever since kept it, and thereafter plaintiff was obliged to pay the mortgagee the amount of said item. After the purchase was made, Enders transferred all his right and interest in the property to plaintiff. Thereafter the plaintiff demanded the money overpaid from defendant, and, upon refusal, brought this action, and was nonsuited below upon the ground that there was a defect of parties. I am unable to see how this result can be legally reached. If we

assume that the money produced by plaintiff was partnership money, yet it was only so to the amount agreed upon as the purchase price; so that, when he made a mistake and overpaid, it was his money and his mistake, and he alone had an interest in its recovery back; and, when recovered, it belonged entirely to him. The matter was independent of the real-estate transaction. That embraced the land, and its purchase price was a joint charge upon the plaintiff and Enders, but it was limited to that; and when plaintiff made his mistake, and paid more money than he should, he was the only one that suffered, and the law should right him. It is immaterial to the question whether Enders was liable for a proportion of the money so paid to plaintiff, as that matter would necessarily turn upon other questions than the purchase of the land, like whether he was responsible for the mistake, etc.; but that question would be entirely independent of the joint venture, except as the circumstance furnished the occasion for the mistake. Since the mistake was made, Enders has parted with all interest in the land to plaintiff, and now plaintiff seeks to make defendant repay him his money, and is driven out of court because he has not associated with him a person who has not the slightest interest in the money. The Code (section 449) commands that every action shall be brought in the name of the real party in interest. As the plaintiff is entitled, and he alone, to the money to be recovered, and as it was his money when paid, he would seem to fall within the designation of a "party in interest." The action was therefore properly brought, and the judgment dismissing his complaint should be reversed, with costs. All concur.

---

## WILLIAMS v. NEW YORK, L. E. & W. R. CO.

(Superior Court of Buffalo, General Term. December 21, 1892.)

1. MASTER AND SERVANT—DEFECTIVE TOOLS—QUESTION FOR JURY.

In an action by an employe against a railroad company for personal injuries, it appeared that while plaintiff and a fellow workman were jacking up a car, to remove the plates connecting the body with the trucks, the car fell and injured plaintiff. There was evidence tending to show that the jack used by plaintiff's fellow workman was defective, and that the car, in falling, gave way at that end, and that many of the jacks in use about the shop were worn and unsound. *Held*, that the question of defendant's negligence in furnishing defective tools should have been left to the jury.

2. SAME—NOTICE TO MASTER.

Evidence that defendant's foreman was informed that the jacks were defective was sufficient to take the case to the jury on the question whether defendant was given notice of the defects.

3. SAME—KNOWLEDGE OF DEFECTS—ASSUMPTION OF RISK.

As it appeared that plaintiff had only been at work 13 days, and had never used a jack, and that a defect could not be detected by one not accustomed to their use, it could not be said that he had the same means of informing himself of the defect as defendant.

4. SAME—NEGLIGENCE OF FELLOW SERVANT.

Defendant could not defeat a recovery on the ground that the injury was caused by the negligence of plaintiff's fellow servant in selecting a defective jack, where he made the selection without the aid of, or consultation with, plaintiff, since the fellow servant's negligence in such case could not make defendant any the less liable for furnishing a defective tool.